[No. 14575. Department One. July 16, 1918.]

SAM SIMON et al., Appellants, v. SAXONY KNITTING COMPANY, Respondent.[1]

APPEAL—REVIEW—FINDINGS. Findings upon conflicting evidence will be reversed where the evidence preponderates against them.

SALES—EVIDENCE—SUFFICIENCY. Upon conflicting evidence as to a conversation resulting in a sale of merchandise, the testimony of a witness that the sale was made to the defendant is sufficiently corroborated by testimony that, on objecting to sell to another for want of credit, it was agreed to charge the goods to defendant as an accommodation and to secure prompt shipment, and that they were shipped accordingly.

Appeal from a judgment of the superior court for King county, Jurey, J., entered October 11, 1917, upon findings in favor of the defendant, in an action on contract, tried to the court. Reversed.

*Leopold M. Stern,* for appellants.
*Grinstead & Laube,* for respondent.

TOLMAN, J.—This action was brought by the appellants against the respondent to recover $500, alleged to be due on a sale of merchandise which they claim

[1]Reported in 173 Pac. 1022.

to have made to the respondent, the goods in question having been shipped to a third party. The total value of the shipment was $748.75, and it is admitted that $248.75 was paid on account by the party to whom the goods were shipped. Findings and judgment were entered in favor of the respondent by the trial court, and this appeal followed.

The controversy is a clean-cut issue of fact only, between reputable business houses, and no advantage can accrue to any one by giving a detailed statement of the facts, or entering into any considerable discussion of them.

The trial court seemed to be in some doubt, saying: "It is a close case, dangerously close. One man might say the burden is sustained and another one say it is not sustained." Under these circumstances, and following our familiar rule, the judgment of the trial court cannot be disturbed, unless we can find from all the proof in the case that the evidence preponderates against the judgment of the trial court. After a most painstaking examination of the whole record, we are forced to the conclusion that the evidence does so preponderate in this case.

Assuming with the trial court that the testimony of appellants' witness Davidson is offset by the testimony of respondent's witness Seeds, we yet find in the record the deposition of the witness Drake, and his testimony as to the facts, in our judgment, fully corroborates the testimony of Davidson, though the conclusions drawn from him on cross-examination are inconsistent with such facts. Mr. Drake says in answer to interrogatory 22:

"The substance of the conversation was this, that when Mr. Davidson learned that the goods were to be charged, he wanted to know the financial rating of the Natatorium Company and discovered that it hadn't

any. Mr. Berger suggested that the goods be charged to J. Berger and A. Shubach, who were, respectively, president and secretary and treasurer of the Natatorium Company and owned practically all of the stock. Davidson objected to this suggestion, preferring a credit rating; whereupon Mr. Seeds volunteered the privilege of having the goods charged to the Saxony Knitting Company as an accommodation purely to. the Natatorium Company, and in order to procure prompt shipment. As a result of this arrangement, the goods were shipped that same evening or the following day.''

This is as near a statement of fact as one might hope to draw from a witness by written interrogatories; and while not entirely free from the objection that it contains conclusions of the witness, it will be at once discovered that the conclusions were of fact only, as almost necessarily occurs when a witness attempts to give the substance of a conversation which occurred some time before.

The cross-examination, on the contrary, discloses that there the witness attempted to give his conclusions as to the law:

"Cross Interrogatory No. 1: Was the plaintiff's sale of merchandise referred to in the direct interrogatories made to the Natatorium Company or to the Saxony Knitting Company?''

To which was interposed the objection that the interrogatory called for a conclusion of law on the part of the witness, which objection might well have been sustained by the trial court.

"A. I would say that the Natatorium Company bought the goods and the sale was made to it.''

A vitally different sort of conclusion, it will be observed, from those contained in the quoted testimony on direct examination, and one which in no way lessens the force of his direct testimony.

· Nor was this the only corroboration of the witness Davidson. The letter of October 13, 1916, written by respondent's president, even after considering his explanation that his only knowledge then of the transaction was that received from Mr. Drake, carries great convincing weight, and was sufficient corroboration of Mr. Davidson and of the testimony given by Mr. Drake on direct examination to entitle the appellant to prevail.

We are forced to conclude that the evidence preponderates against the findings of the trial court, and its judgment will be reversed, and the cause remanded with directions to enter judgment in favor of the appellants and against the respondent as prayed for in the appellants' complaint.

MAIN, C. J., MITCHELL, and PARKER, JJ., concur.